NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0093n.06

Case No. 22-5549

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ERIC ZITZOW; TINA ZITZOW, | ) | **FILED**<br>Feb 16, 2023<br>DEBORAH S. HUNT, Clerk |
| Plaintiffs-Appellees, | ) |  |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
| AUTO-OWNERS INSURANCE CO., | ) | COURT FOR THE EASTERN |
|  | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) |  |
|  | ) | OPINION |

Before: GILMAN, McKEAGUE, and GRIFFIN, Circuit Judges.

McKEAGUE, Circuit Judge. Plaintiffs-Appellees Eric and Tina Zitzow and Defendant-Appellant Auto-Owners Insurance Company entered into a homeowners' insurance contract for coverage of the Zitzows' rental property in Chattanooga, Tennessee. When a nearby tornado caused damage to the Zitzows' property, the couple filed a claim. Auto-Owners paid for the property's roof damage but denied coverage for damage caused by the collapse of a nearby retaining wall. Auto-Owners claimed the collapse resulted from water pressure—a risk expressly excluded from coverage within the Zitzows' policy. The Zitzows sued Auto-Owners for breach of contract and a bad-faith penalty. After a three-day trial, the jury found for the Zitzows, and the district court for the Eastern District of Tennessee at Chattanooga entered judgment against Auto-Owners.

Auto-Owners now appeals that judgment, challenging a number of pretrial rulings by the district court. Specifically, Auto-Owners appeals the district court's denial of its motion for summary judgment, motion in limine as to proof of damages, and motion for a directed verdict on the bad-faith claim. Auto-Owners also challenges the district court's jury instructions. Because the district court did not abuse its discretion in ruling on any of the at-issue motions or in instructing the jury on the applicable burden of proof, and because Auto-Owners' challenge to the bad-faith penalty is unreviewable due to Auto-Owners' procedural default, we AFFIRM the district court's judgment.

**I**

**A. Factual Background**

Plaintiffs-Appellees Eric and Tina Zitzow own a rental property located in Chattanooga, Tennessee. In November of 2019, the Zitzows entered a "Dwelling Insurance Policy" with Defendant-Appellant Auto-Owners for homeowners' insurance coverage of the property.

As alleged in the Zitzows' Complaint, a severe windstorm occurred on April 12, 2020, causing damage to the Zitzows' property and rendering it "uninhabitable." R.1-2, PID 7. More specifically, the Zitzows allege that the storm caused damage to the property's roof and forced a nearby retaining wall to fall onto the home. After the storm, the Zitzows filed an insurance claim with Auto-Owners. Auto-Owners conducted an initial investigation and determined that the windstorm had in fact caused damage to the property's roof. The insurer promptly issued an undisputed payment for roof replacement.

The retaining wall's collapse, however, was less straightforward. To assess the cause of the retaining wall's collapse, Auto-Owners engaged Rimkus Consulting Group, Inc. ("Rimkus"). Rimkus inspected the property and issued a report wherein it concluded that hydrostatic pressure

caused the retaining wall to collapse. Relying on Rimkus' opinion, Auto-Owners denied coverage for damage to the property caused by the collapse of the retaining wall. As grounds for its denial, Auto-Owners pointed to a provision in the Zitzows' policy that excluded coverage for damage caused by hydrostatic pressure.

The Zitzows then hired a local engineering firm, ICR Engineers, Inc. ("ICR"), to render a second opinion regarding the cause of the retaining wall's collapse. ICR determined that the retaining wall collapsed due to "the force of storm winds and ground vibrations." R. 1-2, PID 8. The Zitzows provided Auto-Owners with a copy of this ICR report, as well as an estimate for the entire claim, requesting compensation in the amount of $74,987.50.

When the Zitzows received no response, their attorney sent Auto-Owners a demand letter, informing Auto-Owners that, should it fail to acknowledge coverage of the Zitzows' claim within sixty days and to thereafter adjust the claim in good faith, the Zitzows "would be left with no choice but to commence litigation," including pursuing causes of action for breach of contract and bad faith pursuant to Tenn. Code Ann. § 56-7-105. R. 1-2, PID 15–16. Auto-Owners did not respond.

### B. Procedural Background

On December 10, 2020, the Zitzows filed their Complaint against Defendants Auto-Owners and Rimkus in the Chancery Court of Hamilton County, Tennessee. On January 5, 2021, Auto-Owners removed the case to the United States District Court for the Eastern District of Tennessee at Chattanooga pursuant to 28 U.S.C. §§ 1441 and 1446. Rimkus was dismissed with

prejudice by order dated April 18, 2022. Auto-Owners is therefore the only defendant involved in this appeal.

Trial began on May 24, 2022. After three days of testimony, the jury returned a verdict in favor of the Zitzows and against Auto-Owners on the Zitzows' claims for breach of contract and a bad-faith penalty pursuant to Tenn. Code Ann. § 56-7-105. The court entered judgment, ordering Auto-Owners to pay the Zitzows $14,150.00 for damages to the retaining wall, $75,000.00 for damages to the house, $14,150.00 for loss of rental income, and $20,000.00 as a bad-faith penalty. R. 114, PID 1940. Auto-Owners timely appealed.

## II

Auto-Owners raises three primary arguments on appeal: (1) the district court's jury instructions impermissibly shifted the burden to Auto-Owners for all material elements of the breach-of-contract claim, (2) the district court erred by allowing the Zitzows to put on proof of damages at trial despite not having a disclosed damages expert, and (3) the district court erred in denying Auto-Owners' motion for directed verdict on the Zitzows' bad-faith claim when there was allegedly no evidence in the record to support a finding of bad faith. We find none of these arguments persuasive.

### A. Jury Instructions

Beginning with the jury instructions, Auto-Owners contends that the district court "impermissibly shifted the burden to Auto-Owners for all material elements of the breach of contract claim." Appellant's Br. at 8. According to Auto-Owners, the court "refused to instruct the jury that the plaintiff carries the burden of proving that a contract is breached under Tennessee law

and refused to [instruct] the jury with finding that the Zitzows proved each element of their breach of contract claim by a preponderance of the evidence." *Id.* at 11.

The Zitzows, however, assert that the lower court's jury instructions were "clear and correct" and "conformed to the all-risk policy at issue." Appellees' Br. at 7. According to the Zitzows, all-risk insurance policies cover any accidental loss unless that loss is excluded from coverage. If a property loss occurs, the insurer's payment obligation is triggered unless the loss comes within an exclusion. We agree.

1. *Standard of Review*

A district court has discretion to deny proposed jury instructions. *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 551 (6th Cir. 2015). Therefore, "[w]hen reviewing a district court's decision to deny a specific jury instruction, this Court applies an abuse of discretion standard." *United States v. Adams*, 583 F.3d 457, 468–69 (6th Cir. 2009). "An abuse of discretion occurs if the district court relies on clearly erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment." *In re Countrywide Fin. Corp. Mortg. Lending Pracs. Litig.*, 708 F.3d 704, 707 (6th Cir. 2013) (internal quotation marks and citation omitted).

Jury instructions are reviewed as a whole "to determine if they adequately inform the jury of the relevant considerations and provide a basis in law for aiding the jury in reaching its decision." *Adams*, 583 F.3d at 469 (citation omitted). "A district court's refusal to give a jury instruction constitutes reversible error only if (1) the omitted instruction is a correct statement of the law, (2) the instruction is not substantially covered by other delivered charges, and (3) the failure to give the instruction impairs the requesting party's theory of the case." *Decker v. GE Healthcare*, 770 F.3d 378, 396 (6th Cir. 2014) (citation omitted). Furthermore, "[w]e may reverse

only if instructions 'were confusing, misleading, or prejudicial.'" *Hill*, 799 F.3d at 551 (quoting *United States v. Kuehne*, 547 F.3d 667, 679 (6th Cir. 2008)).

The legal accuracy of the jury instructions themselves are reviewed de novo. *United States v. Blanchard*, 618 F.3d 562, 571 (6th Cir. 2010).

### 2. *The Challenged Instructions*

On May 3, 2022, Auto-Owners and the Zitzows jointly filed proposed jury instructions. As to breach of contract, the parties modeled the language of their proposed instructions on § 13.10 of the Tennessee Pattern Jury Instructions. And as to burden of proof, the parties modeled their proposed instructions on § 2.40 of the Tennessee Pattern Jury Instructions.

On the morning of the third day of trial, after the close of proof and before closing arguments, the district court held an in-chambers conference to discuss its jury instructions. There, the district court informed the parties that it intended to modify the jointly-proposed instructions. The judge grappled with the applicable burden of proof for the breach-of-contract claim and reached the following conclusions:

> The plaintiffs have . . . the burden of proof to show that they sustained an accidental direct physical loss to their property because the policy covers all accidental direct physical losses . . . unless there's an exclusion in the policy that excepts it out. . . . [B]ut the parties have agreed that there is an accidental direct physical loss . . . to the property. . . . [J]urors, you don't need to worry about whether there's a loss to the property.

> The . . . plaintiffs say that wind caused the accidental direct physical loss. There's not an exclusion in the policy for wind. So if you find that the accidental direct physical loss was caused by an event that is not excluded in the policy, then . . . Auto-Owners would have breached the policy by not paying for the loss.

> On the other hand, Auto-Owners says that the loss was . . . caused by something excluded in the policy. More specifically, they say the loss was caused

by hydrostatic pressure . . . . They have the burden of proof of establishing that this exclusion applies.

R. 120, PID 2499–2500 (cleaned up).

Counsel for Auto-Owners objected, arguing that Plaintiffs have the burden of proving by a preponderance of the evidence that the loss was caused by wind. The court, however, disagreed and stated:

In an all-risk policy, [Auto-Owners] cover[s] any accidental direct physical loss period, unless there's an exclusion.

So all [Plaintiffs] have to show is they have an accidental physical loss to the property, and then the burden shifts to [Auto-Owners] to show that there's an exclusion to that.

*Id.* at 2501 (cleaned up).

After extensive deliberation between the parties and the court, the judge ultimately instructed the jury on the burden of proof for breach of contract as follows:

Mr. and Mrs. Zitzow have the burden to establish that they sustained an accidental direct physical loss to their retaining wall . . . and dwelling. In other words, the Zitzows must prove by a preponderance of the evidence that they sustained an accidental direct physical loss to their property. Here, though, both sides have agreed that the Zitzows sustained an accidental direct physical loss to their property, so you do not need to concern yourself with whether such a loss occurred.

If you find, based upon the evidence, that the Zitzows sustained an accidental direct physical loss to their property, which loss was not expressly excluded in the Auto-Owners insurance policy, then such loss should be covered by the insurance policy. In this case, the Zitzows claim that wind caused the retaining wall to collapse, which, in turn, caused damage to the dwelling. Auto-Owners agrees that there is no exclusion in the policy for accidental direct physical loss caused by wind. Consequently, unless you find that the damage to the Zitzows' retaining wall and dwelling was caused by an event that was excluded under the policy, then you must

find that Auto-Owners breached its contract with the Zitzows because it failed to pay them for accidental direct physical loss covered by the insurance policy.

Auto-Owners says that the damage to the Zitzow property was caused by an event excluded under the insurance policy. More specifically, Auto-Owners contends that . . . the retaining wall collapsed because of hydrostatic pressure. The parties agree that there's an exclusion in the insurance policy which provides that physical damage caused by water is excluded from coverage. Auto-Owners has the burden of proof to establish that the water damage exclusion applies in this case. In other words, Auto-Owners must prove by a preponderance of the evidence that hydrostatic pressure, also referred to as water pressure, caused the accidental direct physical loss to the Zitzows' retaining wall and dwelling. If you find that hydrostatic pressure caused the collapse of the wall, then Auto-Owners has not breached its contract with the Zitzows, and the Zitzows would not be entitled to damages.

*Id.* at 2609–11 (cleaned up).

The jury verdict form tasked the jury with answering the following questions:

1. Plaintiffs Eric and Tina Zitzow sustained an accidental direct physical loss to their property. The Insurance Policy in this case excludes from coverage accidental direct physical loss resulting from "Water Damage." Do you find that Auto-Owners Insurance Company has proven by a preponderance of the evidence that the exclusion for water damage applies to the Plaintiffs' claim? [Yes/No.]

2. What, if any, damages do you find that Mr. and Ms. Zitzow have proven by a preponderance of the evidence?

3. Do you find that Mr. and Ms. Zitzow have proven by a preponderance of the evidence that Auto-Owners Insurance Company acted in bad faith? [Yes/No.]

R. 112, PID 1936–37.

### 3. *Analysis*

The homeowners' insurance policy between the Zitzows and Auto-Owners provides: "We cover risk of accidental direct physical loss to covered property . . . except for losses excluded elsewhere in this policy." R. 67-1, PID 507. This language makes clear that Auto-Owners insures

against *all risks* of accidental direct physical loss, unless otherwise excluded. In other words, the Zitzows' policy is an all-risk policy. "Unlike typical property loss policies which are structured to cover losses for which the parties contract, an all-risk policy automatically covers any loss unless the policy contains a provision expressly excluding the loss from coverage." *HCA, Inc. v. Am. Prot. Ins. Co.*, 174 S.W.3d 184, 187 (Tenn. Ct. App. 2005); *see also Cincinnati Ins. Co. v. Banks*, 610 F. App'x 453, 457 (6th Cir. 2015).

Under Tennessee law, all-risk policyholders "ha[ve] the initial burden of proving that a loss comes within the terms of the policy, but the burden is on the insurer to show that an exclusion applies which precludes recovery." *Se. Med. Health Ctr., Inc. v. Pac. Ins. Co., Ltd.*, 439 F. Supp. 2d 831, 835 (W.D. Tenn. 2006) (internal citations omitted). In *Blaine Construction Corporation v. Insurance Company of North America*, this Court held the same:

> It is elementary in insurance law that a claimant under an insurance policy has the initial burden of proving that he comes within the terms of the policy. . . . Conversely, the insurer carries the burden if it claims that one of the policy exclusions applies to the claimant and prevents recovery.

171 F.3d 343, 349 (6th Cir. 1999) (quoting *Farmers Bank & Trust Co. of Winchester v. Transamerica Ins. Co.*, 674 F.2d 548, 550 (6th Cir. 1982)).

Applying *Blaine*'s logic to the facts of this case, the district court reasoned that the Zitzows bore the burden of proving by a preponderance of the evidence that they suffered an accidental direct physical loss to their property. In other words, demonstrating an accidental direct physical loss was necessary for the Zitzows to prove that their loss fell within the terms of their policy. *See id*. But because both parties stipulated that the Zitzows suffered an accidental direct physical loss,[1]

---

[1] R. 100, PID 1238 ("Stipulated Facts: . . . On April 12, 2020, a retaining wall at Plaintiffs' rental property partially collapsed causing damage to that structure and to part of the dwelling. The parties stipulate that the property was damaged by a storm, but disagree about whether the retaining wall collapsed primarily due to wind or hydrostatic

the district court viewed the Zitzows' burden as having been met. The burden thus shifted to Auto-Owners to prove that the Zitzows' loss fell within one of the policy's exclusions. *See id.*; *see also Se. Med.*, 439 F. Supp. 2d at 835.

On appeal, Auto-Owners contends that, by relying on *Blaine*, the lower court "eliminated the requirement that the Zitzows prove that their insurance contract was actually breached." Appellant's Br. at 13. In its view, the Zitzows should have been required to demonstrate that the damage to their home was caused by a covered loss, such as wind. Instead, Auto-Owners argues, "the Zitzows were not required to make any showing at trial whatsoever." *Id.*

But the Zitzows *were* required to make a showing at trial. As stated above, the Zitzows bore the burden of proving by a preponderance of the evidence that they suffered a loss that came within the terms of the policy. In order to meet that burden, the Zitzows needed to prove simply that they suffered an "accidental direct physical loss." But because both parties agreed the Zitzows suffered an accidental direct physical loss, that burden was met. Contrary to Appellant's assertion, the Zitzows did not "side-step their obligation to show their claims fell within the coverage terms of the policy." Appellant's Br. at 6 (quoting *King's Palace, Inc. v. Certain Underwriters at Lloyd's, London*, 558 F.Supp.3d 636 (W.D. Tenn. Sep. 1, 2021)).

The jury instructions, as delivered, clearly and properly stated the law. Viewed as a whole, the instructions "adequately inform[ed] the jury of the relevant considerations and provide[d] a basis in law for aiding the jury in reaching its decision." *Adams*, 583 F.3d at 469. The instructions were neither "confusing, misleading, or prejudicial." *Hill*, 799 F.3d at 551. And although the parties' jointly proposed instructions might have been correct as a matter of law, the proposed

---

pressure."); *see also* R.120, PID 2500–01 (counsel for Auto-Owners stated, "Yes, Your Honor. I don't disagree at all . . . with the accidental loss.") (cleaned up).

instructions were substantially covered by the delivered instructions, and the failure to give the proposed instructions did not impair Auto-Owners' theory of the case. *See Decker*, 770 F.3d at 396. The district court possessed discretion to deny the parties' proposed jury instructions, and by delivering instructions that were both legally and factually accurate, the district court did not abuse that discretion. *See Hill*, 799 F.3d at 551.

## B. Proof of Damages at Trial

Auto-Owners' second broad contention on appeal is that the district court erred in allowing the Zitzows to put on proof of damages at trial despite not having a disclosed damages expert. More specifically, Auto-Owners argues that the district court erred in three respects: (1) by denying Auto-Owners' motion for summary judgment on damages when the Zitzows lacked a Rule 702 damages expert; (2) by allowing the Zitzows' public adjuster, Phillip Grandchamp, to testify when he was never disclosed as a Rule 26 expert; and (3) by denying Auto-Owners' motion in limine on damages when the exclusion of Michael Weintraub left the Zitzows with no disclosed Rule 702 damages expert for trial.

### 1. *Motion for Summary Judgment*

*Argument.* On appeal, Auto-Owners' first argument with respect to proof of damages is that the district court erred in denying its motion for summary judgment because the Zitzows lacked a Rule 702 damages expert. In response, the Zitzows contend that "Auto-Owners is precluded on appeal from contesting the denial of its summary judgment motion on damages because a full trial on the merits followed." Appellees' Br. at 7.

*Standard of Review.* As a general rule, "a party cannot appeal an order denying summary judgment after a full trial on the merits." *Ayers v. Cleveland*, 773 F.3d 161, 166 (6th Cir. 2014) (citing *Ortiz v. Jordan*, 562 U.S. 180 (2011)). There is, however, an exception to this rule: "we can

review a district court's summary-judgment decision on a 'pure question of law' even after a jury verdict on the merits and in the absence of a properly made Rule 50 motion." *Hanover Am. Ins. Co. v. Tattooed Millionaire Ent., LLC*, 974 F.3d 767, 785 (6th Cir. 2020) (quoting *In re AmTrust Fin. Corp.*, 694 F.3d 741, 751 (6th Cir. 2012)).

A question is considered purely legal, and therefore reviewable, if it involves "disputes about the substance and clarity of pre-existing law." *Ortiz*, 562 U.S. at 190. "These 'are abstract legal questions, which can be asked and answered without reference to the facts of the case.'" *Hanover*, 974 F.3d at 785 n.10 (quoting *Kay v. United of Omaha Life Ins. Co.*, 562 F. App'x 380, 385 (6th Cir. 2014)).

*Analysis.* On October 1, 2021, the Zitzows disclosed a Rule 702 expert witness, Michael Weintraub. Weintraub visited the Zitzows' property, conducted an inspection, and reviewed photographs of the storm damage before preparing an estimate of the cost of repair. Auto-Owners and Rimkus promptly moved to exclude Weintraub's opinions, report, and testimony, arguing that Weintraub "lack[ed] the qualifications to serve as an expert witness in this case" and that his opinions "lack[ed] sufficient factual foundation." R. 55, PID 385. The district court ultimately agreed and granted Defendants' motion to strike. But while the motion to exclude remained pending, Auto-Owners also filed a motion for summary judgment.

At summary judgment, Auto-Owners argued: "Because Plaintiffs have no competent damages expert they cannot present expert testimony regarding the damages they allegedly incurred. Therefore, Plaintiffs cannot prevail on a critical element of their claims against Auto-Owners and Auto-Owners is entitled to summary judgment." R. 68, PID 574. The district court denied its motion, explaining that: "Auto-Owners conflates proof of the *existence* of damages with proof of the *amount* of damages. Where proof of the *existence* of damages is certain, the *amount*

of damages is an appropriate issue for the trier of fact, not disposition on summary judgment." R. 99, PID 1236 (emphasis in original). On appeal, Auto-Owners asks us to review that decision, arguing that "the district court erred in its ruling by overlooking the fact that expert testimony on the amount of damages in this case was required regardless of whether the existence of damages was beyond dispute." Appellant's Br. at 21 (emphasis omitted).

This constitutes an "abstract legal question" that "can be asked and answered without reference to the facts of the case," and thus can be reviewed at this stage. *Hanover*, 974 F.3d at 785 n.10 (quoting *Kay*, 562 F. App'x at 385); *cf. P.I. & I. Motor Express, Inc. v. RLI Ins. Co.*, 40 F.4th 398, 411 (6th Cir. 2022). We review such purely legal questions de novo. *Patterson v. Anderson*, 586 F. App'x 657, 660 (6th Cir. 2014) (citing *Overton Distribs., Inc. v. Heritage Bank*, 340 F.3d 361, 366 (6th Cir. 2003)).

Auto-Owners cites no cases in support of its argument that expert testimony on damages is required to prove damages in a breach-of-contract case, and the available cases point to the opposite conclusion: Tennessee does not require expert testimony on damages in breach-of-contract actions. *See, e.g., Jordan v. Clifford*, No. E2009-01121-COA-R3-CV, 2010 WL 2075871, at *5 (Tenn. Ct. App. 2010) (rejecting the defendant's "contention that [a] breach of contract claim cannot be sustained without expert proof"); *Song & Song Corp. v. Fine Art Const. Co., LLC*, No. W2011-01708-COA-R3CV, 2012 WL 2146313, at *11 (Tenn. Ct. App. 2012) ("However, Mr. Song has failed to cite any requirement, established by a court or by the legislature, that expert testimony must be presented in order to prove a contractor's damages in a breach of contract case."); *BancorpSouth Bank, Inc. v. Hatchel*, 223 S.W.3d 223, 229–30 (Tenn. Ct. App. 2006) ("Damages for breach of contract are permissible even when the plaintiff is unable to prove the exact amount of those damages."); *see also Shockley v. Crosby*, No. M2003-00794-COA-R3CV,

2004 WL 2113052, at *23 (Tenn. Ct. App. 2004) ("While the testimonial proof of damages offered by Shockley is less than exact, the record is sufficient to support the judgment in this case."). This is not to say there are no other requirements for proving damages, *see, e.g., BancorpSouth Bank*, 223 S.W.3d at 229–30 ("[A]n award for damages requires . . . proof of damages within a reasonable degree of certainty."), but these other requirements are not at issue in the limited legal question before us.

Because Tennessee does not require expert testimony on damages in breach-of-contract actions, the district court did not err in denying Auto-Owners' motion for summary judgment on this basis.

2. *Grandchamp Permitted to Testify Despite Nondisclosure*

*Argument.* Auto-Owners' second argument on appeal with respect to proof of damages at trial is that the district court erred in allowing the Zitzows' public adjuster, Phillip Grandchamp, to testify as a lay witness because his testimony arguably relied on technical and specialized knowledge, he was never disclosed as a Rule 26(a) expert, and the failure to disclose him was not harmless. The Zitzows respond by asserting that Grandchamp's testimony "was admissible because he was a lay witness who used reliable, industry-approved software and his own experience to form his valuation." Appellees' Br. at 7–8. Additionally, the Zitzows contend that the jury's verdict is supported by other evidence as to the amount of damages, so "any error in ruling that Grandchamp was a Rule 701 lay witness was harmless or waived." *Id.* at 7–8.

*Standard of Review.* "A district court's decision to permit a witness offering opinion testimony to testify as a lay witness is reviewed for abuse of discretion." *United States v. Madison*, 226 F. App'x 535, 543 (6th Cir. 2007) (citing *JGR, Inc. v. Thomasville Furniture Indus.*, 370 F.3d 519, 525 (6th Cir. 2004)). Because district courts have broad discretion to decide issues of

admissibility, "an evidentiary ruling is not to be lightly overturned." *Cummins v. BIC USA, Inc.*, 727 F.3d 506, 510 (6th Cir. 2013).

Federal Rule of Evidence 701 permits non-expert witnesses to testify "in the form of an opinion" that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701 (2011). To distinguish between lay witness testimony and expert testimony, the Advisory Committee incorporated into Rule 701's 2000 Amendments the distinctions set forth in *State v. Brown*, 836 S.W.2d 530, 549 (Tenn. 1992). Fed. R. Evid. 701 advisory committee's note (2000); *see also United States v. White*, 492 F.3d 380, 401 (6th Cir. 2007). In *Brown*, the Tennessee Supreme Court held that lay testimony "results from a process of reasoning familiar in everyday life," while expert testimony "results from a process of reasoning which can be mastered only by specialists in the field." *Brown*, 836 S.W.2d at 549.

Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose, among other things, "any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2). Under Federal Rule of Civil Procedure 37, if a party fails to properly disclose an expert witness pursuant to Rule 26, "the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P 37(c)(1).

*Analysis*. The district court concluded that Grandchamp was not an expert witness and permitted him to testify as a lay witness pursuant to Federal Rule of Evidence 701. When evaluating Grandchamp's testimony, the court relied on *City of Pikeville v. Broan-Nutone, LLC*, No. 15-71-ART, 2016 WL 2843916 (E.D. Ky. May 10, 2016). There, the Eastern District of

Kentucky held that an insurance adjuster's testimony regarding the value of a truck was admissible as lay testimony because it was based on the witness's personal knowledge. *Id.* at *2–3. Applying *Pikeville*'s analysis of the Rule 701 criteria to the facts of this case, the district court concluded:

> Mr. Grandchamp's estimate is based on his perceptions; it is helpful to determining a fact at issue; and it is based on his participation in [Strategic Claims Consultants'] day-to-day affairs and is the type of information which a lay person could ascertain by researching the costs to replace various items damaged by the weather event on April [12], 2020.

R.101, PID 1247.

Auto-Owners asks us to review that decision, arguing that Grandchamp's experience as a public claims adjuster, along with his use of Xactimate (an insurance claims-estimating software), rendered his opinion that of an expert. To support its claim, Auto-Owners cites to a number of district court opinions, both in- and out-of-circuit, wherein courts have treated public claims adjusters and their use of Xactimate as within the realm of expert testimony. *See Faraday 100 LLC v. Acuity*, No. 1:20-cv-00767-WJ-SCY, 2021 WL 4155198 (D.N.M. Aug. 3, 2021) (permitting a public adjuster to testify to factual matters, but prohibiting the witness from testifying to matters based on specialized knowledge or expertise); *Smith v. Allstate Ins. Co.*, No. 1:05-CV-329, 2007 WL 4591603 (S.D. Ohio June 11, 2007) (allowing a claims adjuster to testify as a fact witness, but prohibiting the witness from "purport[ing] to offer opinions based on his experience as an adjuster under Fed. R. Evid. 701"); *Healy-Petrik v. State Farm Fire & Casualty Co.*, 2022 U.S. Dist. LEXIS 27980, at *26 (D. Utah Feb. 15, 2022) (finding an Xactimate estimate put forth by an expert witness unreliable); *Kush Enters., LLC v. Massachusetts Bay Ins. Co.*, No. 3:18-CV-492, 2021 WL 3007263, at *8 n.4 (E.D. Tenn. July 15, 2021) (citing cases finding Xactimate to be a reliable method under the *Daubert* standard for expert testimony); *Coshap, LLC v. Ark. Corporate Member Ltd.*, No. 1:16-cv-0904-SCJ, 2017 WL 9287017, at *5 (N.D. Ga. Dec. 12, 2017) ("Xactimate is a

common software program used for cost estimation in the insurance industry, and expert testimony based on the use of Xactimate has been admitted in multiple courts.").

But we need not resolve whether the district court properly concluded that Grandchamp was a lay witness, for even if he should have been considered an expert, any failure to properly disclose him was harmless. *See* Fed. R. Civ. P. 37(c)(1) (prohibiting the use at trial of any witness not properly disclosed under Rule 26, "unless the failure [to disclose] was substantially justified or harmless."). As the Zitzows argue in their brief, "the jury heard ample evidence of the amount of damages to the house." Appellees' Br. at 7–8. Both the Zitzows' sworn proof of loss and Grandchamp's estimate—each in the amount of $74,987.50—were admitted into evidence and viewed by the jury without objection by Auto-Owners.[2] Indeed, Auto-Owners' own representative, Craig Raymond, testified as to these documents. The verdict, therefore, could be supported without Grandchamp's testimony. Accordingly, even if Grandchamp should have been deemed an expert witness and should have been disclosed, the failure to do so was harmless.

3. *Motion In Limine*

*Argument.* Auto-Owners' last argument on appeal with respect to Grandchamp's testimony is that "[t]he district court erred in denying Auto-Owners' motion *in limine* on damages because after the exclusion of Michael Weintraub, the Zitzows had no disclosed Rule 702 damages expert for trial." Appellant's Br. at 24–25. The Zitzows argue that Auto-Owners' motion in limine as to

---

[2] Auto-Owners filed an objection to the Zitzows' Exhibit List, objecting to—among other exhibits—the "estimate of damage from Phillip Grandchamp dated June 8, 2020." R. 85, PID 1097. And Auto-Owners' later moved in limine to exclude all evidence of damages at trial, including Grandchamp's estimate. R.89; R. 91, PID 1194. But the court deferred ruling on the scope of Grandchamp's testimony and on the admissibility of the estimate until trial. R. 96, PID 1210–12. When the court ultimately permitted Grandchamp to testify as a lay witness, R. 101, Auto-Owners did not then object. And at trial, Grandchamp's Xactimate Estimate (Exhibit 49) and the Proof of Loss (Exhibit 50) were entered into evidence without objection by Auto-Owners. R. 120, PID 2263, 2070.

damages "was a procedurally incorrect pleading that would be subsumed by the ruling on summary judgment." Appellees' Br. at 8.

*Standard of Review.* "We review a district court's ruling on a motion in limine for an abuse of discretion." *Branham v. Thomas M. Cooley L. Sch.*, 689 F.3d 558, 562 (6th Cir. 2012).

*Analysis.* In this case, Auto-Owners' motion in limine sought to exclude "any testimony or proof regarding Plaintiffs' alleged damages," arguing that "Plaintiffs are not qualified or competent to testify as to damages in this case." R. 89, PID 1178. Without a disclosed expert witness, Auto-Owners argued, the Zitzows should be "precluded from offering any testimony concerning damages." *Id.* at 1179. As summarized above, the district court denied this motion with respect to Phillip Grandchamp, finding Grandchamp's testimony admissible as lay witness testimony.

However, we are persuaded by the Zitzows' argument that Auto-Owners' motion in limine was also a procedurally improper pleading. "Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of material fact, a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)). We "generally condemn the use of a motion in limine to litigate or relitigate matters that should be resolved via a motion to dismiss or a summary judgment motion." *Porter v. AAR Aircraft Servs, Inc.*, 790 F. App'x 708, 713 (6th Cir. 2019); *see also* 75 Am. Jur. 2d Trial § 42 (2009) ("The use of motions in limine to summarily dismiss a portion of a claim has been condemned, and the trial courts are cautioned not to allow

motions in limine to be used as unwritten and unnoticed motions for summary judgment or motions to dismiss.").

Auto-Owners' motion in limine sought to exclude *all* evidence of damages. Because granting such request would have entirely disposed of the case, Auto-Owners' motion in limine was in effect a motion for summary judgment. *See Louzon*, 718 F.3d at 561–63. Furthermore, Auto-Owners asserted the same arguments in its motion in limine as it did in its motion for summary judgment.[3] "Where, as here, the motion in limine is no more than a rephrased summary judgment motion, the motion should not be considered." *Louzon*, 718 F.3d at 563.

Therefore, the district court did not abuse its discretion in denying Auto-Owners' motion in limine as to damages.

## C. Bad Faith

Finally, Auto-Owners challenges the district court's denial of its motion for a directed verdict on the Zitzows' claim of bad faith under Tenn. Code Ann. § 56-7-105. At the close of the Zitzows' proof at trial, Auto-Owners moved for a directed verdict as to causation and bad faith, arguing that the Zitzows presented insufficient evidence at trial to support either. The district court denied the motion, finding that "there appears to be a genuine issue of material fact as to the cause of the retaining wall's collapse and certainly a genuine issue of material fact on damages." R. 120,

---

[3] At summary judgment, Auto-Owners argued, "Plaintiffs cannot establish their damages—an essential element of a breach of contract claim"—because they lack "competent damages testimony." R.67, PID 493–94. And in its motion in limine, Auto-Owners moved the court for an order excluding from trial "any testimony or proof regarding Plaintiffs' alleged damages," arguing that "Plaintiffs have no disclosed expert on damages." R. 89, PID 1178.

PID 2339. However, after trial, Auto-Owners did not renew its motion for a directed verdict or request a new trial under Federal Rule of Civil Procedure 50(b).

Unfortunately for Auto-Owners, this failure is fatal to its claim. This Court does not directly review the sufficiency of the evidence during a jury trial; rather, it reviews the handling of sufficiency of the evidence claims by the district court, who is much closer to the facts of the case and the events at trial. *Maxwell v. Dodd*, 662 F.3d 418, 420 (6th Cir. 2011). Under Federal Rules of Civil Procedure 50(a) and 50(b), a litigant must first make a Rule 50(a) motion for judgment as a matter of law, and then—if that motion is denied—file a renewed motion for judgment as a matter of law or request a new trial under Rule 50(b). *See* Fed. R. Civ. P. 50(a), 50(b); *Unitherm Food Sys. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400–04 (2006). If either of these steps are not followed, this Court cannot review the sufficiency of the evidence challenge. *Unitherm*, 546 U.S. at 400–04; *Maxwell*, 662 F.3d at 421; *Ayers*, 773 F.3d at 168.

Here, Auto-Owners clearly attacks the sufficiency of the evidence regarding bad faith, arguing that the evidence presented by the Zitzows on bad faith "was not sufficient as a matter of law to support a finding of bad faith by the jury." Appellant's Br. at 9. And, as stated, Auto-Owners made a Rule 50(a) motion but not a 50(b) motion. Auto-Owners proffers no potentially applicable exception to the Rule 50 requirements, and indeed does not address the reviewability issue at all in its Reply Brief. Auto-Owners' claim regarding bad faith is therefore unreviewable.

### III

For the foregoing reasons, we AFFIRM.